IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Case No. **1:13CR-093** |
| | : | INDICTMENT |
| | : | **J. BECKWITH** |
| vs. | : | 18 U.S.C. § 2 |
| | : | 18 U.S.C. § 1343 |
| BRENDA ASHCRAFT | : | 18 U.S.C. § 1957 |
| | : | 15 U.S.C. § 78j(b) |
| | : | Notice of Forfeiture |

**THE GRAND JURY CHARGES:**

1. At all times material to this Indictment, Defendant BRENDA ASHCRAFT resided and worked in the Southern District of Ohio.

2. Defendant BRENDA ASHCRAFT was licensed as a real estate salesperson in the State of Ohio. Her license is currently inactive.

3. At all times material to this Indictment, Defendant BRENDA ASHCRAFT owned and operated a company called French Manor Properties.

4. Beginning in approximately 2009 and continuing through 2013, Defendant BRENDA ASHCRAFT solicited individuals to invest funds with her and French Manor Properties to purchase and sell real estate through real estate investment trusts (or REITs).

5. During that period, Defendant BRENDA ASHCRAFT received funds of at least $15,000,000 from individuals for the purpose of investing in these REITS through ASHCRAFT and French Manor Properties.

6. For example, in soliciting investors, Defendant BRENDA ASHCRAFT told investors that French Manor Properties acts as the REIT Trustee to negotiate short sale offers with property owners and lenders "to secure residential and commercial real estate at wholesale pricing." She explained that investors enter into an agreement with French Manor and fund a portion or all of the REIT as outlined in an investor agreement. She represented to her investors that the funds are held in escrow until the REIT is closed and proceeds are disbursed to French Manor and then subsequently to the investors. She promised that the investment was secured by real estate as collateral, which could then be sold to reimburse the investor. She also promised investors that the funds were insured through a policy held with Stewart Title Guaranty Company on all transactions.

7. The representations by the Defendant BRENDA ASHCRAFT were false. She did not invest the funds in REITs, did not keep the funds in an escrow account, did not have the unencumbered collateral she claimed to have, and did not have an insurance policy for the funds.

8. The Defendant has never registered a single REIT with the Ohio Division of Securities.

9. In the Investor Agreement, BRENDA ASHCRAFT promised returns as much as 10% over a three month term, which equates to a 40% annual return.

10. Defendant BRENDA ASHCRAFT used the investor funds to pay purported "returns" back to investors as if the funds had actually generated income through investment in a REIT. In addition, Defendant BRENDA ASHCRAFT diverted the remaining investor funds to her own personal use and benefit.

11. As described above, Defendant BRENDA ASHCRAFT devised and intended to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises. Specifically, she devised a scheme to fraudulently obtain investment funds from individuals wherein the funds were not invested as represented and were diverted in part for the personal benefit of Defendant BRENDA ASHCRAFT.

12. In order to try to appease investors, Defendant BRENDA ASHCRAFT would at times send checks to the investors for the return of investment funds, only to have the checks bounce due to insufficient funds in her bank account.

## COUNT 1

13. The Grand Jury realleges and incorporates by reference Paragraphs 1-12 of the Indictment as though set forth in full herein.

14. In the Southern District of Ohio and elsewhere, having devised and intended to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, the defendant, BRENDA ASHCRAFT, for the purpose of executing such scheme and artifice to defraud, knowingly did transmit and cause to be transmitted in interstate and foreign commerce, by means of wire communications, certain signs, signals, and sounds, that is: Defendant BRENDA ASHCRAFT sent an email to an investor, T.W., whose name is known to the grand jury, on or about June 26, 2012, falsely stating that she was in meetings that week in Denver, San Diego and San Francisco to meet with Wells Fargo to get "exclusive territories."

**In violation of Title 18 U.S.C. §§ 1343 and 2.**

## COUNT 2

15. The Grand Jury realleges and incorporates by reference Paragraphs 1 through 12 of the Indictment as though set forth in full herein.

16. On or about April 26, 2013, in the Southern District of Ohio and elsewhere, Defendant BRENDA ASHCRAFT knowingly engaged in and caused to be engaged in, a monetary transaction involving criminally-derived property of a value greater than $10,000,00, to wit:

    Defendant obtained a $50,000 payment from investor C.S, whose identity is known to the grand jury, which was deposited into the Franch Manor account at Chase Bank x0150 on April 16, 2013, such property having been derived from a specified unlawful activity, that is, wire fraud as described in Count 1, in violation of Title 18, United States Code, Sections 1343. The funds were then used on April 26, 2013 to make a payment towards the defendant's personal American Express credit card account x1005, which covered the Defendant's $50,000 credit card payment for Cincinnati Reds seasons tickets on March 22, 2013.

**In violation of Title 18, United States Code, Sections 1957 and 2.**

## COUNT 3

17. The Grand Jury realleges and incorporates by reference Paragraphs 1 through 12 of the Indictment as though set forth in full herein.

18. During the period from approximately 2009 through on or about 2013, in the Southern District of Ohio, Defendant BRENDA ASHCRAFT (1) used a device or scheme to defraud investors with respect to French Manor and the use of their funds; (2) made untrue statements of a material fact regarding French Manor and the nature of the investments; (3) failed to disclose material facts regarding the use of the funds that resulted in making the defendant's statements misleading; and (4) engaged in acts, practices, and a course of business that operates or would

        operate as a fraud or deceit upon any person with regard to the French Manor investments.

19. Defendant BRENDA ASHCRAFT's acts were in connection with the sale of securities, that is, the purported REIT investment through French Manor.

20. Defendant BRENDA ASHCRAFT directly and indirectly used French Manor and the promised REITs in connection with these acts.

21. Defendant BRENDA ASHCRAFT acted for the purpose of defrauding buyers or sellers of the French Manor investments.

**In violation of Title 15, United States Code, Section 78j(b); 17 C.F.R. § 240-10b-5.**

## FORFEITURE ALLEGATION 1
### Specified Unlawful Activity Proceeds

Upon conviction of one or more of the offenses alleged in Count 1 (wire fraud) of this Indictment, defendant BRENDA ASHCRAFT, shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(1)(C) and 28 U.S.C. § 2461(c), any property constituting or derived from proceeds obtained directly or indirectly as a result of the said violations, including but not limited to a sum of money equal to the total amount of money in United States currency, representing the amount of proceeds obtained as a result of the offenses (wire fraud and mail fraud).

All in accordance with 18 U.S.C. § 982(a)(1)(C), 28 U.S.C. § 2461(c), and Rule 32.2(a), Federal Rules of Criminal Procedure.

## FORFEITURE ALLEGATION 2
### Money Laundering

Pursuant to 18 U.S.C. § 982(a)(1), if convicted of the offense set forth in Count 2, defendant BRENDA ASHCRAFT shall forfeit to the United States the following property:

1. All right, title, and interest in any and all property involved in the offense in violation of 18 U.S.C. § 1957, for which the defendant is convicted, and all property traceable to such property, including the following: (1) all money or other property that was the subject of each transaction, transportation, transmission or transfer in violation of Section 1957; (2) all commissions, fees and other property constituting proceeds obtained as a result of the violation; and (3) all property used in any manner or part to commit or to facilitate the commission of the violation.

2. A sum of money equal to the total amount of money involved in each offense, or conspiracy to commit such offense, for which the defendant is convicted.

All in accordance with 18 U.S.C. § 982(a)(1), and Rule 32.2(a), Federal Rules of Criminal Procedure.

## SUBSTITUTE ASSETS

If any of the above-described forfeitable property, as a result of any act or omission of the defendant: (1) cannot be located upon the exercise of due diligence; (2) has been transferred or sold to, or deposited with, a third party; (3) has been placed beyond the jurisdiction of the court; (4) has been substantially diminished in value; or (5) has been commingled with other property which cannot be divided without difficulty; it is the intent of the United States, pursuant to 18 U.S.C. § 982(b) and 28 U.S.C. § 2461(c) to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above.

A TRUE BILL.

_____
GRAND JURY FOREPERSON

CARTER M. STEWART
UNITED STATES ATTORNEY

_____
ANTHONY SPRINGER
CINCINNATI BRANCH CHIEF